UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR L. WASHINGTON, SR.
on behalf of himself and as father and
next friend of his minor children
K.W., O.W., Jr., and P.W.,

       Plaintiffs,

vs.                                  Case No. 8:07-cv-396-T-24-TGW

THE DEPARTMENT OF CHILDREN AND FAMILIES,
CHARLIE CRIST, ROBERT A. BUTTERWORTH,
NICK COX, KIM KUTCH, LYNNE JOHNSTON,
DARCY BROWN, ANN JONES, JOHN OR JANE DOE,
RAMONA FUNSCH,

       Defendants.

_____

# O R D E R

This cause comes before the Court on Defendants The Department of Children and

Families, Charlie Crist, Robert A. Butterworth, Kim Kutch, Lynn Johnston, Darcy Brown, Ann

Jones, and Nick Cox's Motion to Dismiss Amended Complaint, which was filed on May 15,

2007.  (Doc. No. 72.)  Plaintiff, who is proceeding pro se, filed a Response to the motion on May

16, 2007 (Doc. No. 73), an Amended Response on May 20, 2007 (Doc. No. 74), and a Second

Amended Response on May 24, 2007 (Doc. No. 76).[1]

Also before the Court are Plaintiff's Reinstated Motion for Entry of Default against

---

[1]Plaintiff's multiple responses violate Local Rule 3.01(c), which prohibits a party from filing additional responsive memoranda without leave of Court.  Plaintiff did not seek leave of Court to file the Amended Response or the Second Amended Response.  However, because Plaintiff is proceeding pro se, and because the responses were filed within the 10-day time period within which he had to oppose the motion, the Court has taken these filings into consideration.

Defendant Ramona Funsch (Doc. No. 71), which was filed on May 10, 2007, Plaintiff's First

Motion for Default Judgment against Defendant Funsch (Doc. No. 75), which was filed on May

22, 2007, and Plaintiff's "Amended Motion to Strike Defendant Funsch Answer by Letter and

Request for Leave of Court to Amend Entry of Default and Default Judgment Against Defendant

Funsch for Failing to Answer or Respond to Plaintiff's Amended Complaint" (Doc. No. 83),

which was filed on June 5, 2007.

## I.      Background

        To the extent discernible, the facts alleged in Plaintiff's Amended Complaint are as

follows: Plaintiff Oscar Washington filed suit on behalf of himself and his minor children, K.W.,

O.W., Jr., and P.W. against The Department of Children and Families and various DCF officers

and employees in their official and individual capacities (collectively, "DCF").[2]  (Doc. No. 49,

p.1)  At an unspecified time and due to unclear circumstances, the minor children were placed in

the protective custody of the State of Florida, through the Department of Children and Families'

foster care system.  (*See generally id.*)  At some point in time, Plaintiff and his then wife and

mother of the children, Defendant Ramona Funsch, consented to the adjudication of dependency

of the minor children.  (*Id.* at 12.)  Plaintiff alleges that during the course of the ongoing state

juvenile dependency action, Defendant DCF violated his constitutional rights by "willfully,

intentionally and maliciously conspir[ing], discriminat[ing] and retaliat[ing] against" him based

on his "black race."  (*Id.* at 72.)

---

        [2]Plaintiff previously filed this suit on October 27, 2006.  *See Oscar L. Washington, Sr. v. The Department of Children and Families, et al., 8:06-cv-2003-T-24-MAP.*  That suit was dismissed without prejudice on February 5, 2007 after Plaintiff voluntarily dismissed his claims. Plaintiff filed the instant action on March 5, 2007.

Plaintiff filed suit pursuant to 42 U.S.C. §§ 1983 and 1985.  He alleges that Defendants failed to investigate complaints of abuse and neglect, failed to administer the foster care system, conspired to interfere with his civil rights, violated his due process rights, violated his right to travel, and subjected him to unreasonable search and seizure.  (*Id.* at 17-25.)  Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages.  (*Id.* at 27-28.)  Additionally, Plaintiff requests that the minor children be returned to his custody, that all non-prosecuted domestic violence charges against him be expunged, and that his name be removed from the National Data Base on Child Abuse and all other child abuse records.  (*Id.*)

## II.    Discussion

### A.    Defendants' Motion to Dismiss

On May 15, 2007, Defendant DCF filed the instant Motion to Dismiss on the grounds that Plaintiff has failed to state a "short and plain statement" of his claims such that Defendants can discern what he is claiming and frame a responsive pleading. The Court agrees.

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007) (citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at __, 127 S. Ct. at 1965 (citation omitted).  While the

Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted).

After having carefully reviewed Plaintiff's Amended Complaint in the light most favorable to him, and allowing him the "wide latitude" generally afforded pro se litigants in their pleadings, the Court concludes that it has been unable to find a single claim that would satisfy the minimal requirements of Rule 8(a)(2). *See SEC v Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992). Throughout the Amended Complaint, random, disjointed, and haphazard statements of fact are interspersed with the occasional reference to the Constitution of the United States and to 42 U.S.C. §§ 1983 and 1985. These allegations are not supported by facts and do not give Defendants fair notice of what the claims are and the grounds upon which they rest. Plaintiff's generalized allegations of due process and civil rights violations are insufficient, as he is required to allege more than mere "labels and conclusions." *See Bell Atlantic Corp.,* __ U.S. at __, 127 S. Ct. at 1965. Accordingly, because Plaintiff's allegations do not raise his "right to relief above the speculative level," his claims against DCF are dismissed with prejudice. *See id.*

### B.   Plaintiffs' Motions for Default and Default Judgment against Defendant Ramona Funsch and Amended Motion to Strike

On May 10 and May 22, 2007, Plaintiff filed a Reinstated Motion for Entry of Default and a Motion for Default Judgment against Defendant Ramona Funsch. (Doc. Nos. 71 and 75). On May 21, 2007, Defendant Funsch, who is also proceeding pro se, filed a letter to the Court, which the Court construes as an Answer. (Doc. No. 81.) On June 5, 2007, Plaintiff filed an Amended Motion to Strike Defendant Funsch's Answer by Letter, as well as a Motion for Request for Leave of Court to Amend Entry of Default and Default Judgment Against Defendant

4

Funsch for Failing to Answer to Respond to Plaintiff's Amended Complaint, which the Court

construes as another motion for entry of default against Defendant Funsch.  (Doc. No. 83.)

The Court concludes that Plaintiff's Motions must be denied for several reasons.  First,

after completing a thorough review of the record in this case, the Court concludes that Plaintiff

has failed to demonstrate that he properly served Defendant Funsch with the Amended

Complaint.  After personally serving Funsch with the original Complaint on April 12, 2007

(Doc. No. 44), Plaintiff filed an Amended Complaint on April 18, 2007 (Doc. No. 49).  Plaintiff

attempted to serve Defendant Funsch with the Amended Complaint by mailing it to her via first

class mail.  Plaintiff, however, readily admits in his multiple motions that his attempts to serve

her were unsuccessful, as the mail was returned to him as undeliverable.  (Doc. No. 71, p. 15;

Doc. No. 82, p. 82.)  He states that the "packages of previous pleadings that he previously mailed

to Defendant Funsch had come back as Return to Sender/Undeliverable with a hand written

statement . . . that Defendant Funsch no longer lived at 3314 W Shell Point Rd. Ruskin Florida

33570 on both packages."  (Doc. No. 71, p. 15.)  Accordingly, because Plaintiff has not shown

that he served Defendant Funsch with his Amended Complaint, the Motions for Default and

Default Judgment must be denied.

Furthermore, even if Funsch has been properly served with the Amended Complaint,

Plaintiff's allegations do not adequately provide Funsch with sufficient notice of the nature of

the claims against her and the grounds upon which those claims rest.  Fed. R. Civ. P. 8(a)(2).

Plaintiff vaguely mentions Funsch throughout his Amended Complaint in conjunction with his

claims against Defendant DCF, but fails to identify a specific cause of action against her.  In fact,

Plaintiff has not even listed Defendant Funsch as a defendant in the caption of his Amended

Complaint.   Accordingly, having reviewed the case, and being otherwise fully advised, the Court denies Plaintiff's Motions for Entry of Default and Default Judgment and Motion to Strike.  Plaintiff's claims against Defendant Funsch are dismissed with prejudice.

**III.    Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss (Doc. No. 72) is **GRANTED**, and Plaintiff's Motions for Entry of Default and Default Judgment and Amended Motion to Strike (Doc. Nos. 71, 75, 83) are **DENIED.**  Plaintiff also listed a "John or Jane Doe" as a defendant in his original Complaint.  Plaintiff has yet to identify these additional unnamed defendants, and therefore, his claims against "John or Jane Doe" are denied without prejudice. As there are no remaining claims before the Court, the Clerk is directed to close this case and to terminate any pending motions.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of June, 2007.

Copies to:
Counsel of Record
Pro Se Plaintiff

SUSAN C. BUCKLEW
United States District Judge

6